KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone:  (480) 306-5977
Facsimile:  (602) 626-3504
kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Cassie Wamsley

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cassie Wamsley, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Nations Recovery Center, Inc. ; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiff, Cassie Wamsley, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Cassie Wamsley (hereafter "Plaintiff"), is an adult individual residing in Safford, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Nations Recovery Center, Inc. (hereafter "Nations"), is a Georgia business entity with an address of 6491 Peachtree Industrial Boulevard

6. Atlanta, Georgia 30360, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7. Does 1-10 (the "Collectors") are individual collectors employed by Nations and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Nations at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

9. The Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

10. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned or transferred to Nations for collection, or Nations was employed by the Creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Nations Engages in Harassment and Abusive Tactics

13. Nations, when placing calls to Plaintiff, identified itself as a "law office" rather than a debt collector.

3

14. Nations demanded that Plaintiff provide it with her checking account number over the phone to secure payment.

15. Nations told Plaintiff that if she failed to provide it with her checking account information, then Nations would "assess legal fees and court costs" and then would "subpoena her to court."

16. Nations called again and told Plaintiff that if she failed to pay $500.00 by Friday, then Nations would "assess legal fees and court costs" and then would "subpoena her to court."

17. Further, Nations told Plaintiff that she could possibly "face jail-time for fraudulent charges." No such action has been taken to date.

18. Nations has placed as many as five (5) calls a day to Plaintiff in an attempt to collect the Debt.

19. Plaintiff has asked Nations to send her details about the Debt and Nations told her they couldn't send her written verification of the Debt.

20. Nations promised to e-mail her details about the Debt and then failed to do so.

21. Nations has failed to send Plaintiff any written correspondence.

22. Nations has called Plaintiff after 9p.m. in an attempt to collect the Debt.

4

C.  **Plaintiff Suffered Actual Damages**

23. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants contacted the Plaintiff after 9:00 p.m., in violation of 15 U.S.C. § 1692c(a)(1).

28. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

29. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

30. The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

31. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

32. The Defendants misled the Plaintiff into believing the communication was from a law firm or an attorney, in violation of 15 U.S.C. § 1692e(3).

33. The Defendants threatened the Plaintiff with imprisonment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

34. The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

35. The Defendants falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff, in violation of 15 U.S.C. § 1692e(7).

36. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

37. The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

6

38. The Defendants used a name other than the true name of the debt collection agency, in violation of 15 U.S.C. § 1692e(14).

39. The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

40. The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

41. The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

42. The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

43. The Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

44. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

45. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

47. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

48. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Arizona.

49. As a result of the Defendants' intentional infliction of emotional distress, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

8

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

E. Punitive damages;

F. For Plaintiff's statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: July 1, 2011                                LEMBERG & ASSOCIATES, LLC


By: _/s/  Kindra Deneau_
Kindra Deneau

Attorney for Plaintiff
Cassie Wamsley

9